UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CARLOS J. BLUE, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 4:18-cv-1316-CDP |
| HERBERT BERNSEN, | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before me upon the motion for leave to proceed *in forma pauperis*, filed by petitioner Carlos J. Blue, a pretrial detainee at the St. Louis County Justice Center. The motion will be granted, and the petition will be dismissed without prejudice.

Petitioner initiated this action on August 6, 2018 by filing a document titled "Petition for Writ of Habeas Corpus," which he averred he was filing pursuant to 28 U.S.C. § 2243. Therein, petitioner seeks the issuance of a writ of habeas corpus requiring Julia Childrey "to bring him before the court to test the lawfulness of the constitutionality of the prosecution in this matter."[1] (Docket No. 1 at 1). In support, petitioner avers that he "invokes his inalienable rights as guaranteed by the Constitution and the law of the United States," including due process, trial by jury, and the right of confrontation. *Id.* at 1-2. He also states, in conclusory fashion, that his federally-protected rights are being violated.

I construe the instant petition as one brought pursuant to the general federal habeas corpus statute, 28 U.S.C. §§ 2241-2243.[2] Under 28 U.S.C. § 2241(c)(3), the federal courts have

---

[1] Petitioner does not identify the prosecution or matter to which he refers. Review of Missouri Case.net shows that he is presently awaiting trial in the case of *State v. Carlos Blue*, No. 14SL-CR04643-01 (21st Jud. Cir. 2014). He is represented by counsel.

[2] To the extent petitioner seeks relief pursuant to 28 U.S.C. § 2254, the petition is subject to dismissal

jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). Even so, federal courts are reluctant to grant pre-trial habeas relief, and in most cases will not consider claims that can be raised at trial and in subsequent state proceedings. *See id.* Only when "special circumstances" exist will a federal court determine that a pretrial detainee has exhausted state remedies and federal intervention is warranted. *Id.; see also Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981). Courts have found that "special circumstances" existed where double jeopardy was at issue, *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999), or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973).

The doctrine of federal abstention as set forth in *Younger v. Harris*, 401 U.S. 37 (1971) is also relevant here. *See Davis*, 643 F.2d at 525. *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010).

Here, petitioner has not established any special circumstances warranting a finding that he has exhausted his state remedies and federal intervention is warranted. Petitioner's allegations are conclusory at best, even when viewed under the more liberal standards afforded *pro se* litigants. Petitioner alleges no facts which, if proved, would demonstrate he has been deprived of any federally-protected right. Even *pro se* petitioners are required to allege facts in support of their claims. Most importantly, petitioner has the ability to raise claims with the assistance of his

---

because petitioner is not in custody under a state court judgment.

attorney during his criminal trial, and can also raise claims during any subsequent state proceedings. I also conclude that *Younger* abstention is appropriate here. All of the relevant factors are present, and petitioner sets forth no non-conclusory allegations of any extraordinary circumstances that would make abstention inappropriate.

I have considered whether to issue a certificate of appealability. To do so, a Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Here, because petitioner has made no such showing, I decline to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of October, 2018.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE